Filed 12/29/21  Marriage of Lopez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

In re the Marriage of ARTHUR and
CHERYL LOPEZ.

|  |  |
|---|---|
| ARTHUR LOPEZ, <br><br> Appellant, <br><br> v. <br><br> CHERYL LOPEZ, <br><br> Respondent. | G059356 <br><br> (Super. Ct. No. 16D001283) <br><br> O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Daphne Grace Sykes, Judge.  Affirmed.  Motion to augment the record.  Denied.

Arthur Lopez, in pro. per., for Appellant.

No appearance for Respondent.

Appellant Arthur Lopez (appellant) appeals from two orders: (1) the trial court's denial of his request to disqualify the trial judge under Code of Civil Procedure section 170.6; and (2) the trial court's denial of a restraining order against appellant's former wife, Cheryl Lopez. Appellant's invocation of Code of Civil Procedure, section 170.6 was untimely, and the evidence underlying the trial court's factual finding that appellant failed to prove an incident of domestic violence does not compel a contrary finding as a matter of law. Accordingly, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

This is the fifth separate opinion of this court generated in this case.

The background facts are set forth in our earlier nonpublished opinion and are not repeated here.

On July 22, 2020, appellant filed a motion to disqualify Judge Daphne Sykes under Code of Civil Procedure section 170.6. [1] The trial court denied the motion as untimely.

On the same date, appellant filed an ex parte application for a temporary restraining order against his former wife. Rather than specifying the incident or incidents of domestic violence appellant contended would support issuance of a temporary restraining order, the substance of the application addressed child custody issues. The hearing took place on August 18, 2020. The trial court ordered the parties and their minor children to participate in counseling sessions, and denied appellant's request for a restraining order, finding that there was insufficient evidence to show an incident of domestic violence. Appellant timely appealed.

---

[1] The motion itself is not part of the record on appeal, but is instead attached as an exhibit to appellant's opening brief.

2

**DISCUSSION**

*1. Procedural Issues*

Appellant bears the burden of providing an adequate record to support his claims of error. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.) California Rules of Court, Rule 8.120(b) [2] requires appellant to provide a reporter's transcript, agreed statement, or settled statement for any issue that "requires consideration of the oral proceedings in the superior court." Appellant's contentions as to the restraining order issue appear to require such consideration and the court's order denying the restraining order notes that testimony was taken. Yet the record contains no reporter's transcript, agreed statement, or settled statement pertaining to the challenged rulings. Appellant was specifically warned of this problem in connection with two of his prior appeals in this matter. (*In re Marriage of Lopez* (May 26, 2020, G057379) [nonpub. opn.]; *In re Marriage of Lopez* (Sept. 30, 2020, G057649) [nonpub. opn.].)

Appellant's motion to augment the record does not cure these issues. Instead, it seeks to add to the record transcripts of hearings on April 28, 2019, May 17, 2019, July 17, 2019, and November 18, 2020, none of which resulted in the orders challenged by appellant in this appeal. The motion to augment also does not include the transcripts themselves as attachments; regardless, we deny the motion because the transcripts are irrelevant to our decision. [3]

Our review of this matter is further hampered by serious deficiencies in appellant's brief and in the record. Rule 8.204(a)(1)(B) requires briefs filed in our court to "State each point under a separate heading or subheading summarizing the point and, if possible, by citation to authority." Rule 8.204(a)(1)(C) requires references to the record

---

[2] All further references to rules are to the California Rules of Court.

[3] At oral argument appellant requested judicial notice of his filings in the California Supreme Court, S271731 and S271722. Those filings come from a prior case in this court (G057649) and, accordingly, do not pertain to this appeal. The request is denied.

when discussing facts. Rule 8.204(a)(2)(A) requires the appellant's opening brief to identify the relief sought in the trial court and the judgment or order appealed from. Rule 8.204(a)(2)(B) requires the appellant's opening brief to explain why the order appealed from is appealable. Rule 8.204(a)(2)(C) requires the appellant's opening brief to provide a summary of the significant facts limited to matters in the record. Rule 8.204(b) requires any brief to be "reproduced by any process that produces a clear, black image of letter quality," and controls font, font size, line spacing, and margins, all of which are intended to allow the court to adequately read and comprehend the arguments of the litigants.

Appellant's opening brief fails to comply with any of these rules. Appellant's arguments are set forth under a blanket "Argument" heading and are not organized in any readily ascertainable way. Appellant's brief contains few citations to the record, none of which reflect anything other than his own filings. Appellant's brief fails to identify with any specificity the orders from which he has appealed (including omitting any citation to their locations in the record), and the relief sought in the trial court. Appellant's brief contains an inadequate statement of appealability, which claims his appeal is taken from a single "final judgment," even though this appeal involves two separate orders, not judgments. Appellant's brief contains an introduction (presumably substituting for the required statement of the case) but this statement largely consists of argument, rather than a summary of facts, and is focused on fee waiver and child custody issues which do not relate to the substance of this appeal. Appellant's brief is also handwritten and single-spaced, and as a result some portions of the brief are illegible.

Appellant was specifically warned of similar violations of the Rules of Court in connection with three of his prior appeals in this matter (*In re Marriage of Lopez* (Feb. 26, 2018, G054262) [nonpub. opn.]; *In re Marriage of Lopez* (May 26, 2020, G057278) [nonpub. opn.]; *In re Marriage of Lopez* (Sept. 30, 2020, G057649) [nonpub. opn.]).

4

While we acknowledge a self-represented litigant's understanding of the rules on appeal is, as a practical matter, more limited than an experienced appellate attorney's and, whenever possible, will not strictly apply technical rules of procedure in a manner that deprives litigants of a hearing, we are nevertheless required to apply the Rules of Court and substantive rules of appellate review to a self-represented litigant's claims on appeal, just as we would to those litigants who are represented by trained legal counsel. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985; *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830.)

We will, insofar as it is possible, address appellant's claims on the merits. To the extent the record does not permit us to do so, the claims are forfeited for the reasons set forth above.

2. *Substantive Issues*

    *a. The Trial Court's Denial of Appellant's Motion to Disqualify*

Appellant argues the trial court erred by denying his motion to disqualify Judge Sykes because appellant contends his submission to the court included sufficient evidence of bias or the appearance of bias.

The order from which appellant appeals is the trial court's denial of appellant's motion to disqualify Judge Sykes under Code of Civil Procedure section 170.6. Code of Civil Procedure, section 170.6 permits a party to move to disqualify a judge by asserting under penalty of perjury that the party or the party's attorney believes the judge cannot render a "fair and impartial trial or hearing" because of prejudice against the party or attorney, or their interests. Such a motion can be made only once per side in a given case, and is granted without further factual inquiry if the procedural requirements are met. (Code Civ. Proc., § 170.6, subd. (a)(4).) This amounts to a single "peremptory challenge" of a judge. (See Code Civ. Proc., § 170.6, subd. (a)(6).)

In civil cases that are assigned to a judge for all purposes, such a motion must be made within 15 days of the all purpose assignment, or within 15 days after a

5

party's first appearance in the matter. (Code Civ. Proc., § 170.6, subd. (a)(2).) While the initial notice of assignment is not present in the record, the history of this case, including our various prior decisions, demonstrates that the matter has been assigned to Judge Sykes for several years, and that appellant has been a party to the matter for the duration of that period. Therefore, the trial court correctly concluded appellant had not filed his motion within the 15-day period prescribed by the statute. [4]

### b. *The Trial Court's Denial of Appellant's Request for a Restraining Order*

Appellant argues the trial court erred by denying his request for a restraining order. Appellant contends his former wife isolated him from his children by refusing to participate in counseling sessions, and that this amounted to domestic violence. In other words, appellant challenges the trial court's finding that there was insufficient evidence of domestic violence. "On appeal from a determination of failure of proof at trial, the question for the reviewing court is "'whether the evidence compels a finding in favor of the appellant as a matter of law.'" [Citation.] Specifically, we must determine "'whether the appellant's evidence was (1) 'uncontradicted and unimpeached' and (2) 'of such a character and weight as to leave no room for a judicial determination that it was insufficient to support a finding.'""" (*Almanor Lakeside Villas Owners Assn. v. Carson* (2016) 246 Cal.App.4th 761, 769.) "'Where, as here, the judgment is against the party who has the burden of proof, it is almost impossible for him to prevail on appeal by arguing the evidence compels a judgment in his favor. That is because unless the trial court makes specific findings of fact in favor of the losing plaintiff, we presume the trial court found the plaintiff's evidence lacks sufficient weight and credibility to carry the

---

[4] Appellant's arguments regarding bias appear directed toward his separate request to disqualify Judge Sykes for bias against "Mexican-Heritage, Catholic Christian Male Father[s]" like appellant under Code of Civil Procedure sections 170-170.9, a copy of which is attached to his opening brief. However, there is no file-stamped copy of this motion in the record, nor is there a ruling. As a result, there is no lower court action that we can review.

burden of proof. [Citations.] We have no power on appeal to judge the credibility of witnesses or to reweigh the evidence.'" (*Patricia A. Murray Dental Corp. v. Dentsply Internat., Inc.* (2018) 19 Cal.App.5th 258, 270.)

In the context of a domestic violence restraining order, domestic violence is "abuse perpetrated against a spouse or the child of a party." (*In re Marriage of Davila & Meija* (2018) 29 Cal.App.5th 220, 226.) Abuse is (1) intentionally or recklessly causing or attempting to cause bodily injury; (2) sexual assault; (3) placing a person in reasonable apprehension of imminent serious bodily injury to that person or to another; or (4) engaging in any behavior that has been or could be enjoined pursuant to Family Code section 6320. (Fam. Code, § 6203.) Section 6320 permits issuance of an injunction preventing "molesting, attacking, striking, stalking, threatening, sexually assaulting, battering, credibly impersonating . . . , falsely personating . . . , harassing, telephoning . . . , destroying personal property, contacting. . . , coming within a specified distance of, or disturbing the peace of the other party." [5]

There is no evidence in the record of any sexual assault, bodily injury, attempt to cause bodily injury, or placing anyone in reasonable apprehension of imminent serious bodily injury. Instead, the only evidence of "abuse" is appellant's contention that his former wife avoided participating in court-ordered counseling sessions, effectively isolating him from his children. Arguably, this could constitute abuse. (See *In re Marriage of F.M. & M.M.* (2021) 65 Cal.App.5th 106, 120, fn. 5 ["We observe … that if the evidence establishes that father has cut off access to their eldest daughter in violation

---

[5] In his opening brief, appellant quotes Family Code, section 6320 as it exists today, including language indicating that "isolating the other party from friends, relatives, or other sources of support" may be enjoined and therefore may constitute "abuse." This language was not operative at the time of the trial court's ruling. The statute was amended in 2020 to add this language, which became effective January 1, 2021. However, the new language was intended to codify existing case law, and we treat appellant's reference to this language as a reference to the existing case law.

of the court's order granting mother sole legal and physical custody, that may constitute abuse."].) However, we lack a reporter's transcript of the hearing, and therefore must presume appellant's former wife testified she had not violated the court's order or improperly avoided participation in the counseling sessions. As discussed above, appellant can only prevail if we can conclude the evidence—and all of it—compels a finding contrary to the trial court's ruling as a matter of law. The absence of a reporter's transcript is thus fatal to appellant's challenge to the court's factual findings.

## DISPOSITION

The trial court's orders are affirmed. No costs are awarded, as no appearance was made on behalf of any respondent.

ZELON, J.*

WE CONCUR:

MOORE, ACTING P. J.

FYBEL, J.

*Retired Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8